# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 15, 2007

## STATE OF TENNESSEE v. JOANN CRADDICK

**Direct Appeal from the Circuit Court of Hickman County**
**No. 05-5159CR   Donald P. Harris, Judge**

**No. M2006-01435-CCA-R3-CD** - Filed June 7, 2007

The Defendant, Joann Craddick, pled guilty to two counts of vehicular assault, and the trial court sentenced her to concurrent two year sentences for each conviction, with eight months to be served in jail, followed by supervised probation. On appeal, the Defendant contends that the trial court erred when it denied her full probation. Concluding that there exists no error, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Kenneth K. Crites, Centerville, Tennessee, for the Appellant, Joann Craddick.

Robert E. Cooper, Jr., Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Ronald L. Davis, District Attorney General; Michael J. Fahey, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION
### I.  Facts

This case arises from the Defendant's appeal from the sentence that she received for her vehicular assault convictions. The record reflects that on October 27, 2004, the Defendant drove under the influence of an intoxicant and collided with another car. The following evidence was presented at the Defendant's sentencing hearing:

Mildred Jones, a victim in the accident, testified that she was life-flighted to Vanderbilt Hospital after the collision. As a result of the collision, she had a concussion, a fractured skull, a broken arm, broken ribs, damaged sinuses, a split hip socket, and a broken femur. Due to her injuries, Jones had metal inserted above her left knee that extends from her knee to her hip bone. Jones can no longer fully bend or extend her left arm. After the collision, Jones stayed in the hospital for eleven days, was transferred to a rehabilitation center for two weeks, and then underwent

months of physical therapy. Jones testified this car collision permanently changed her life, and now she is unable to be as active as she was in the past.

Judith Field, Jones's passenger during the collision, testified that she had a crushed heel and a broken ankle as a result of the collision. Field's injuries required surgery, and she has a metal plate and eight screws in her ankle. Field was confined to a wheelchair for thirteen weeks and continues to have pain when she walks.

Curtis Rochelle testified that he had known the Defendant for the past four to five years and had never seen the Defendant engage in rude or criminal behavior. He trusts the Defendant and believes that she would adhere to any terms of probation that the court imposed upon her. He had never seen the Defendant drink or take drugs.

Wanda Victory, the Defendant's cousin, testified that the Defendant was hard-working, truthful, and dependable. She had never seen the Defendant drink or take drugs and thought that the accident at issue was atypical of the Defendant's behavior. She testified that the Defendant expressed remorse over the accident.

Dorothy Clark, the Defendant's mother, testified that the Defendant was a great person, a good mother, and a good provider for her family. The Defendant was a good child and did not get into a lot of trouble. Clark believed that the accident was an isolated incident and that the Defendant would not engage in such behavior ever again. She believed that the Defendant would abide by any conditions imposed upon her as a part of her probation. Clark stated that the Defendant has custody of four children.

The Defendant testified that she had no prior criminal history[1], and she expressed remorse for her conduct. The Defendant stated that her husband is a truck driver and sometimes leaves for two week periods in order to do his job. The Defendant apologized for her actions and said that she never meant to hurt anyone. She testified that she learned a painful lesson from this incident.

The trial court stated the following when it sentenced the Defendant:

I think that these are the most difficult cases that this court has to deal with, that I personally have to deal with as far as sentencing, because frequently you have someone who generally has been a decent individual all their lives and then all of a sudden they go out and commit an offense like this, and you have to believe that if they would have been paying attention to their actions they would've known that they did not have the ability to operate that automobile in a safe and proper fashion, and then someone like these ladies are so severely injured and their lives are changed. And I think - - and I'll explain more about that - - I think that imposes an obligation,

_____

[1]The Investigation Report filed by Probation Officer Lenny Burns verified that the Defendant had no prior criminal record.

actually, on this court to recognize that.

I've carefully considered the enhancing and mitigating factors and I find that there are no enhancing factors or no mitigating factors that apply to this case. As I understand, then, according to the desires of the legislature, the sentence that should be imposed by this Court in each of the cases is two years. There is no basis on which they should be served consecutively, so I will order that they be served concurrently.

I've carefully considered the purposes of incarceration in the sentencing considerations, and she is entitled to the presumption included in Tennessee Code Annotate 30-35-102 that there's a presumption that she will be appropriate for alternative sentencing. I also find that this is a case where the court should avoid depreciating the seriousness of this offense by granting straight probation. I think when someone is injured to the extent these ladies were as a result of criminal activities, there's an obligation for this court to impose some kind of incarceration so that people in society realize their criminal justice system is working and that they can't go out and hurt someone like this without there being consequences.

I further think that this is an appropriate sentence to consider deterrence, hopefully, causing someone to think about what may happen to them if they get in a car and operate an automobile when they should know that they can't safely do so.

The trial court then ordered the Defendant to serve eight months in the Hickman County Jail with a probationary sentence of two years, requiring that she pay Jones $1090.12 in restitution, pay the court costs, and perform twenty hours of public service work.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it denied her full probation. The State contends that the trial court properly sentenced the Defendant.

When a defendant challenges the length, range or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d) (2006). As the Sentencing Commission Comments to this section note, the burden is now on the appealing party to show that the sentencing is improper. T.C.A. § 40-35-401, Sentencing Comm'n Cmts. This means that if the trial court followed the statutory sentencing procedure, made findings of facts which are adequately supported in the record and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, T.C.A. § 40-35-103 (2006), we may not disturb the sentence even if a different result was preferred. State v. Ross, 49 S.W.3d 833, 847 (Tenn. 2001). The presumption does not apply to the legal

conclusions reached by the trial court in sentencing a defendant or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Dean, 76 S.W.3d 352, 377 (Tenn. Crim. App. 2001); State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994).

In conducting a de novo review of a sentence, we must consider: (1) any evidence received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing, (4) the arguments of counsel relative to sentencing alternatives, (5) the nature and characteristics of the offense, (6) any mitigating or enhancement factors, (7) any statements made by the defendant on his or her own behalf and (8) the defendant's potential or lack of potential for rehabilitation or treatment. See T.C.A. § 40-35-210 (2006); State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001).

To meet the burden of establishing suitability for full probation, a defendant must demonstrate that full probation will subserve the ends of justice and the best interests of both the public and the defendant. State v. Blackhurst, 70 S.W.3d 88, 97 (Tenn. 2001). The following criteria, while not controlling the discretion of the sentencing court, shall be accorded weight when deciding the defendant's suitability for full probation: (1) the nature and circumstances of the criminal conduct involved, T.C.A. § 40-35-210(b)(4) (2006); (2) the defendant's potential or lack of potential for rehabilitation, T.C.A. § 40-35-103(5) (2006); (3) whether a sentence of full probation would unduly depreciate the seriousness of the offense, T.C.A. § 40-35-103(1)(B) (2006); and (4) whether a sentence other than full probation would provide an effective deterrent to others likely to commit similar crimes, T.C.A. § 40-35-103(1)(B) (2006). See Blackhurst, 70 S.W.3d at 97.

Here, the Defendant is eligible for full probation because her sentence is ten years or less (subject to some statutory exclusions not relevant here). T.C.A. § 40-35-303(a) (2006). Although full probation must be automatically considered by the trial court as a sentencing alternative whenever the defendant is eligible, "the defendant is not automatically entitled to probation as a matter of law." T.C.A. § 40-35-303(b), Sentencing Comm'n Cmts. As noted above, a defendant seeking full probation bears the burden of showing that full probation will be in the best interests of the defendant and the public. Blackhurst, 70 S.W.3d at 97.

In the case under submission, the evidence does not preponderate against the findings of the trial court. The trial court explained that it would not grant full probation due to the severity of the victim's injuries and a need to deter other defendants from committing similar crimes. This Court has previously held that in vehicular assault cases involving drunk driving where victims sustain serious injuries, confinement may be warranted in order to avoid depreciating the seriousness of the offense. State v. Eric W. Friedl, No. 02C01-9509-CR-00255, 1996 WL 512638, at *3 (Tenn. Crim. App., at Jackson, Sept. 11, 1996), *no Tenn. R. App. P. 11 application filed*. We conclude that the trial court used sound reasoning when it chose to deny full probation. Because of the extremely serious and permanent nature of the injuries suffered by the victims, it is important that the seriousness of the offenses in this case not be depreciated. A period of confinement may also provide an effective deterrent to others who would choose to drive under similar circumstances. Accordingly, we conclude that the record supports the trial court's denial of full probation and the

4

imposition of a sentence of split confinement.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the judgments of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE